a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JEFFERY DUCOTE #215886,<br>Petitioner | CIVIL DOCKET NO. 1:22-CV-06052<br>SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| DARREL VANNOY,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1) filed by pro se Petitioner Jeffery Ducote ("Ducote"). Ducote is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. He challenges a conviction in the Ninth Judicial District Court, Rapides Parish.

Because Ducote's Petition is untimely, it should be DENIED and DISMISSED WITH PREJUDICE.

I. Background

Ducote was convicted of second-degree kidnapping; false imprisonment with a weapon; aggravated assault with a firearm; home invasion; and four counts of first-degree rape. *State v. Ducote*, 2018-60 (La.App. 3 Cir. 11/14/18, 4–5); 260 So.3d 627, 631. He was sentenced to 40 years of imprisonment. *Id.*

Ducote alleged two assignments of error on appeal: (1) the trial court erred in denying his motion in limine; and (2) the trial court erred in imposing an indeterminate sentence on the charge of second-degree kidnapping. *Id.* at 631. All

1

convictions were affirmed, but the trial court was instructed to correct the sentence for second-degree kidnapping to a determinate sentence. *Id.* at 634. The Louisiana Supreme Court denied writs on April 22, 2019.[1] *State v. Ducote*, 2018-2026 (La. 4/22/19); 268 So.3d 298.

Ducote alleges that he filed an application for post-conviction relief on December 15, 2020. ECF No. 1-2 at 2. The application was finally denied by the Louisiana Supreme Court on November 1, 2022. *State v. Ducote*, 2022-01147, p. 1 (La. 11/1/22); 348 So.3d 1279.

## II. Law and Analysis

There is a one-year statute of limitations for filing applications for writs of habeas corpus by persons in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d). The limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). The statutory tolling provision of § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the limitations period. *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitations period. *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)).

---

[1] Ducote alleges that the Louisiana Supreme Court denied writs on September 6, 2017. ECF No. 1-2 at 9. However, the published jurisprudence indicates it was April 22, 2019.

Ducote's conviction became final on July 22, 2019, when his time for seeking review in the United States Supreme Court expired. *See id.*; *see also* U.S. Sup. Ct. R. 13. He had one year within which to file a § 2254 Petition or toll the limitations period by filing an application for post-conviction relief. The § 2254 Petition was filed on November 22, 2022, over three years from the finality of his conviction. The application for post-conviction relief was filed on December 15, 2020, after the one-year limitations period under the AEDPA period expired. ECF No. 1-2 at 2. Therefore, statutory tolling is inapplicable.

The AEDPA's one-year statutory deadline can be equitably tolled in exceptional circumstances. *See Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). A petitioner bears the burden of proof to invoke equitable tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). He must show diligent pursuit of rights, and that some extraordinary circumstance prevented timely filing. *See Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010). Highlighting the doctrine's limited scope, the Fifth Circuit has stated that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013) (citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks omitted)).

Ducote suggests that his post-conviction application was not filed until December 2020 due to the COVID-19 pandemic and his limited access to the law

3

library and inmate counsel. However, the mere existence of the COVID-19 pandemic is not, without more, an "extraordinary circumstance." One court has noted that a prisoner had not shown extraordinary circumstances because "his circumstances were not different than any other prisoner attempting to access legal resources, as they all were subject to COVID-19 protocols." *Luckey v. Day*, CV 21-1895, 2022 WL 2712593, at *13 (E.D. La. June 9, 2022); *appeal dismissed*, 22-30579, 2022 WL 19010321 (5th Cir. Oct. 25, 2022) (citing *Rush v. Secretary, Florida Department of Corrections*, No. 21-10218-C, 2021 WL 3134763, at *1 (11th Cir. June 22, 2021) (denying certificate of appealability)).

Many courts have concluded that prison lockdowns, including COVID-related lockdowns, that occur during the one-year limitations period are not exceptional circumstances that would justify equitable tolling. *See Collins v. United States*, No. 18-CR-091, 2022 WL 3593056, at *6 (W.D. Tex. 2022) ("the Covid-19 pandemic and the restrictions on petitioner's library access are insufficient to warrant equitable tolling."); *Delarosa v. Dir., TCDJ-CID*, 2022 WL 847216 (N.D. Tex. 2022)) (collecting cases finding pandemic-related circumstances, including lockdowns and diminished library access, did not prevent filing of habeas petition); *Collins v. United States*, 2022 WL 3593056, at *6 (W.D. Tex. 2022) ("The Covid-19 pandemic and the restrictions on petitioner's library access are insufficient to warrant equitable tolling."); *United States v. Pizarro*, 16-CR-63, 2021 WL 76405, at *2 (E.D. La. 2021) (finding that a COVID-19 lockdown did not justify equitable tolling as it did not actually prevent the petitioner filing his habeas petition); *Coppin v. United States*, 3:10-CR-345, 2018 WL

1122175, at *4 (N.D. Tex. 2018) (finding a series of lockdowns did not constitute an extraordinary circumstance that prevented the movant from filing a § 2255 motion); *see also Tate v. Parker*, 439 F. App'x 375, 376 (5th Cir. 2011) (finding that ignorance of the law, lack of knowledge of filing deadlines, a claim of actual innocence, temporary denial of access to research materials or the law library, and inadequacies in the prison law library were are not extraordinary circumstances sufficient to warrant equitable tolling).

### III. Conclusion

Because his § 2254 Petition is untimely, IT IS RECOMMENDED that the Petition (ECF No. 1) be DENIED and DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of

5

appealability when it enters a final order adverse to the applicant. Unless a circuit justice or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

    SIGNED on Wednesday, March 22, 2023.

                                                      JOSEPH H.L. PEREZ-MONTES
                                                      UNITED STATES MAGISTRATE JUDGE